**FILED**

MAY 27 2008

CLERK, US DISTRICT COURT, WDNY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

08-CR-    08 CR 139

WVCR4, INC.,

        Defendant.

---

### PLEA AGREEMENT

The defendant, WVCR4, INC. (hereinafter "WVCR4"), and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms set forth below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1344, for which the maximum sentence is a $1,000,000 fine, and a mandatory $400 penalty assessment.

2. The guilty plea entered pursuant to this agreement is in satisfaction of any federal charges that could be brought against the defendant and/or its president based upon facts set forth in ¶5 of this agreement and any related facts known to the government at the time a guilty plea is entered pursuant to this agreement.

## II. SENTENCING GUIDELINES

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform act of 1984, November 2001 Manual).

## ELEMENTS OF THE CRIME

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> a) that the defendant knowingly executed a scheme to defraud; and
>
> b) the intended victim of the fraud was a financial institution, namely, Wyoming County bank.

5. The government and the defendant agree to the following facts which form the basis for the entry of the plea of guilty including relevant conduct:

## FACTUAL BASIS

> In February, 2002, WVCR4, Inc. ("WVCR4"), in order to obtain a loan from Wyoming County Bank ("the bank"), submitted false information which resulted in WVCR4 receiving a loan of $140,000 from the bank. The false information submitted by WVCR4, Inc. was in the form of an addendum to a lease contract between WVCR4, Inc. and the Board of Cooperative Educational Services (BOCES). The addendum falsely purported to provide more rent to

2

WVCR4 based upon renovations. Representatives from BOCES stated that they did not enter into the addendum lease agreement with WVCR4 and the signatures on the addendum purporting to be those of representatives of BOCES were not the signatures of the BOCES representatives.

WVCR4 made payments amounting to $24,242.24 on the $140,000.00 loan. Thus, the default loss amount to the bank was $115,757.76. The bank subsequently recouped this money. Accordingly, there is no loss to the bank nor is there any restitution owing.

6. The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guideline Manual, and Part 8C2 thereof, which pertains to the Sentencing of Organizations other than those that operate primarily for a criminal purpose.

7. The government and the defendant agree that pursuant to Guideline Sections 8A1.1, 8A1.2 and 8C2.1, the base offense level is determined by reference to Guideline Section 2B1.1(a). The base offense level is therefore **6**.

### SPECIFIC OFFENSE CHARACTERISTICS

8. The government and the defendant agree that the offense level should be increased by **8** levels pursuant to §2B1.1(b)(1)(E), because the loss was greater than $70,000 and less than $120,000.

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level is **14**.

10. The defendant and the government agree that Guideline Sections 8C2.4(a)(1) and 8C2.4(d) prescribe a base fine of $85,000.

11. The defendant and the government agree that the Culpability Score is determined by Guideline Section 8C2.5(a) and that no other aggravating factors in Section 8C2.5 apply.

12. The government and the defendant agree that two points should be subtracted from the culpability score pursuant to Guideline §8C2.5(g)(2) and Application Note 12 on account of the defendant's early cooperation in the investigation. The defendant's total culpability score is therefore **3**.

13. Pursuant to Guideline Section 8C2.6, the minimum and maximum multipliers corresponding to a culpability score of 3 are a minimum multiplier of 0.6, and a maximum multiplier of 1.20.

14. Pursuant to Guideline Section 8C2.7(a), the minimum of the guideline fine range is the product of the base fine [$85,000] and the minimum multiplier [0.6]. The minimum of the guideline fine range is therefore **$51,000.00**.

15. Pursuant to §8C2.7(b), the maximum of the guideline fine range is the product of the base fine [$85,000] and the maximum

multiplier [1.20]. The maximum of the guideline fine range is therefore **$102,000**. Accordingly, the guideline fine range is **$51,000 to $102,000**.

16. At sentencing, the government agrees not to oppose the recommendation for a fine at the low end of the fine range.

17. The government and the defendant understand that imposition of the fine is subject to Guideline Section 8C3.3. If the Court determines that any gain to the organization from the offense is not paid as restitution or other remedial measures, then, pursuant to Guideline Section 8C2.9 (pertaining to disgorgement), the Court shall add the amount of such gain to the fine determined under §8C2.8 (pertaining to the determination of the fine within the guideline fine range).

### III. GOVERNMENT'S RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

> a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background and involvement in the offense charged and the circumstances surrounding the charge; and
>
> b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the

information and evidence available to the government.

## IV. APPEAL RIGHTS

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the fine set forth in this Plea Agreement at paragraph 14, notwithstanding the manner in which the Court determines the sentence.

20. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for a fine set forth in this Plea Agreement at paragraph 14, notwithstanding the manner in which the

Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## V.  TOTAL AGREEMENT AND AFFIRMATIONS

22. This plea agreement represents the total agreement between the defendant and the government. There are no promises made by anyone other than those contained in this agreement.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: *(signature)*
PAUL J. CAMPANA
Assistant U. S. Attorney

Dated: May 27, 2008

I have been authorized by the defendant to enter a guilty plea on its behalf. I have read this agreement, which consists of 9 pages. I have had a full opportunity to discuss this agreement with counsel retained by the defendant for the purpose of entering this guilty plea. I agree that it represents the total agreement reached between the government and the defendant. No promises or representations have been made to the defendant other than what is contained in this agreement, and the defendant agrees fully with its terms. On behalf of the defendant and with its full authorization, I am signing this agreement voluntarily and of my own free will.

WVCR4, INC.
Defendant

BY: _Amy Martoche as Attorney for WVCR4_

Dated: _May 27_, 2008

_Amy C. M___
AMY MARTOCHE, ESQ.
Attorney for the Defendant

Dated: _May 27_, 2008